Ex parte Nieves et al., Peticionarios-Apelantes.

Apelación procedente de la Corte de Distrito de Arecibo en procedimiento sobre administración judicial.

No. 2874.—Resuelto en abril 2, 1923.

Administración Judicial en el Abintestato—Herederos Voluntarios Pueden Pedir la Administración Judicial.—En los abintestatos no es indispensable la concurrencia del cónyuge supérstite, cuando no hay herederos forzosos para que los herederos voluntarios puedan solicitar la administración judicial de los bienes relictos.

Id.—Requisitos de la Solicitud de Administración Judicial.—Una solicitud

de administración judicial que expresa en globo el valor de los bienes pero no la naturaleza de los mismos, no cumple con los requisitos del artículo 23 de la Ley de procedimientos legales especiales.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. L. Mercader.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Se trata de unos herederos voluntarios que promovieron el juicio de abintestato y solicitaron el nombramiento de un administrador judicial.

En apoyo de la solicitud se alega que José Orriola Pérez, hermano y tío legítimos, respectivamente, de los peticionarios, falleció en Arecibo el 3 de enero, 1922, estando casado con Cruz Cintrón, de cuyo matrimonio no tuvieron hijos; que el finado no otorgó testamento y por decreto de 12 de septiembre de 1922 los peticionarios fueron declarados herederos abintestato del finado, así como a la viuda en su cuota viudal usufructuaria; que el finado dejó bienes sujetos a partición, indivisos todavía, porque la viuda se opuso a ello, reteniendo los mismos y percibiendo las rentas y que el valor de los bienes es de $5,000.

La corte inferior desestimó la solicitud y dictó la siguiente resolución, que dice:

"Por presentado el anterior escrito solicitando administración Judicial de los bienes relictos al fallecimiento de José Orriola Pérez.

"POR CUANTO: los promoventes hermanos y sobrinos del finado José Orriola Pérez, carecen de derecho de acción para la solicitud establecida, toda vez que, no aparece formulada ni suscrita por la cónyuge del finado, y que los peticionarios no son herederos forzosos ni testamentarios.

"POR CUANTO: en la solicitud no se determina la naturaleza de los bienes sujetos a partición, ni se acompañan los títulos de los mismos.

"Visto el artículo 23 de la Ley de Procedimientos judiciales, e incisos 3 y 5 del mismo;

"Se desestima la solicitud de Administración Judicial presentada."

Los peticionarios interpusieron el presente recurso y señalaron como errores las mismas razones legales que tuvo la corte inferior para fundar su resolución.

De acuerdo con los términos de la solicitud no se trató en este caso de la promoción del juicio de testamentaría sino del de abintestato. La ley referente a procedimientos legales especiales, aprobada en marzo 9 de 1905, enumera en el artículo 23 las personas que pueden solicitar la administración judicial de los bienes de un finado y define los requisitos que se deben hacer constar en la petición. Y el siguiente artículo 24, tal como fué enmendado según la ley de 8 de marzo de 1906, dispone:

"Si el testador hubiese prohibido expresamente en el testamento a los herederos voluntarios y legatarios de partes alícuotas una administración judicial de sus bienes, y hubiese nombrado una o más personas, facultándolas para que, con el carácter de albaceas, comisionados o contadores partidores, practicasen las operaciones divisorias de dichos bienes, no podrá decretarse la administración judicial de éstos.

"Los acreedores que tengan asegurados sus créditos y aquellos a quienes los deudores dieren fianza bastante para responder de sus créditos independientemente de los bienes del finado, no tendrán derecho a pedir la administración judicial."

Según esta disposición, la prohibición en cuanto a herederos voluntarios, de instituir el juicio universal de testamentaría, se limita a cuando lo prohibe expresamente el testador y no en otro caso. De aquí resulta que menos podía existir tal prohibición tratándose de herederos voluntarios abintestato en que menos podía conocerse la voluntad del finado por la falta de disposición testamentaria. La ley no podía establecer tal prohibición, ni podía ser de otro modo toda vez que las prescripciones de la Ley de Procedimientos Legales Especiales en lo que se refieren a esas clases de juicios especiales provienen en su letra y espíritu de la Ley de Enjuiciamiento Civil Española, y Manresa, al comentar la

disposición relativa a los herederos reconocidos que tienen derecho a solicitar una administración judicial, dice:

"En las testamentarías no puede intervenir el juez cuando el testador lo haya prohibido expresamente, según los arts. 1039 y 1041; pero como en los abintestatos no puede mediar esa prohibición, por no existir testamento, es obligatoria la intervención judical, o su continuación, siempre que la solicite alguno de los herederos ya reconocido, o el cónyuge sobreviviente. En estos casos continuará la intervención si se hubiere prevenido el juicio de abintestato, y no habiéndolo prevenido antes de la declaración de herederos, se procederá en la forma que se ordena para el juicio de testamentaría en los arts. 1055 y siguientes." Manresa, Comentarios de la Ley de Enj. Civil Española, cuarto tomo, pág. 341.

En cuanto al error señalado de que la corte sostiene que no se determina la naturaleza de los bienes sujetos a partición, ni se acompañan los títulos de los mismos, creemos que el apelante no tiene razón. Los peticionarios no han cumplido con la prescripción del estatuto en ese extremo. El citado artículo 23 en su inciso quinto dice que se debe hacer constar en la solicitud "que la persona finada dejó bienes sujetos a partición con expresión de la cuantía y naturaleza de dichos bienes," y en este caso la solicitud sólo expresa en bulto la cuantía sin expresar la naturaleza de los bienes. La ley siempre tiene un fundamento racional y tiene su fin, y una de las razones aquí de ese precepto es para que el juez inferior tenga una base para fijar la fianza que habrá de prestar el administrador que se nombre conforme se previene en el artículo 32 de la misma Ley de Procedimientos Legales.

No queremos decir, sin embargo, que sea necesario acompañar los títulos de los bienes, pero cuando no se fija la naturaleza de los mismos, como ocurre ahora, claro es que los títulos hubieran tal vez suplido la deficiencia de la solicitud en ese punto. De todos modos este no es defecto fatal y puede ser objeto de una enmienda.

Por virtud de todo lo expuesto debe modificarse la reso-

lución apelada en el sentido de que debe concederse, como se concede, al peticionario un término de diez días contado a partir del en que esta sentencia sea registrada en la corte inferior, y así modificada, se confirma por el último de sus fundamentos.

*Confirmada la resolución apelada, modificándola.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.